UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON DAN TAYLOR, | ) | 1:01-CV-06376 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | [Doc. #19] |
| | ) | |
| MIKE KNOWLES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 6, 2003, the undersigned issued an order adopting the findings and recommendation of the Magistrate Judge in full, and denying the petition on the merits. Judgment was entered on the following day. On June 16, 2008, Petitioner filed a motion for relief from judgment.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not
        have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
        misconduct by an opposing party;

      (4) the judgment is void;
      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
      (6) any other reason that justifies relief.

Petitioner contends he suffered mental disorders at all relevant times. He states his various collateral challenges in state court as well as the federal habeas petition were completed with the assistance of inmate paralegals. He states that despite his mental condition, he was able to meet all legal deadlines save one, the deadline for filing an appeal and motion for certificate of appealability. Pursuant to Rule 4(a)(1)(A), the deadline for filing a notice of appeal was thirty (30) days following entry of judgment, which in this case was November 6, 2003. Now, nearly five years later, he desires to file his notice of appeal and motion for certificate of appealability.

Petitioner's arguments have no bearing on the finality of the decision and judgment in this matter. As he states, he met all legal deadlines in this case except for the filing of a notice of appeal. The petition was heard on the merits and denied. Therefore, the Court finds no reason to reconsider judgment in this matter.

To the extent Petitioner seeks an extension of time to file his notice of appeal, the Court does not find good cause to excuse his nearly five year delay. Petitioner claims he did not receive the Court's order denying his petition or the entry of judgment. Notwithstanding his mental condition, he mailed a letter to the Clerk's office on November 28, 2004, inquiring into the status of the case, and he admits he received a response from the Clerk's office in December of 2004 along with a copy of the judgment in this matter. Rather than immediately seeking an appeal, Petitioner delayed another three and one-half years before filing the instant motion. Petitioner's arguments present no basis for relief.

Accordingly, Petitioner's motion for relief from judgment is DENIED.

IT IS SO ORDERED.

**Dated:**   **March 11, 2009**               **/s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE