**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON DAN TAYLOR, ) | 1: 01 -CV- 6376 AWI LJO HC |
|         Petitioner, ) | **ORDER DENYING MOTION FOR A** |
| ) | **CERTIFICATE OF APPEALABILITY** |
|    v. ) | |
| ) | |
| MIKE KNOWLES, Warden, ) | [Document #23] |
| ) | |
|         Respondent. ) | |

    Petitioner is a state prisoner proceeding pro se who filed a petition for writ of habeas corpus on pursuant to 28 U.S.C. § 2254. On October 6, 2003, the court adopted the Magistrate Judge's Findings and Recommendations and denied the petition for writ of habeas corpus. On June 16, 2008, Petitioner filed a motion for relief from judgment, which the court denied.

    On May 29, 2009, Petitioner filed a motion for a certificate of appealability.

    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Before Petitioner can appeal this's court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). The controlling statute for issuing a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
  (b) There shall be no right of appeal from a final order in a proceeding to test the validity

>of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The time limit for filing a notice of appeal following entry of an order denying a petition for writ of habeas corpus is thirty days. See Fed. R.App. P. 4(a).  Petitioner's notice of appeal and motion for a certificate of appealability were filed some four and a half years after the petition was denied.  As such, Petitioner has failed to timely appeal.  The failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction. Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007).  The United States Court of Appeals for the Ninth Circuit has held that the issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if jurisdiction is not proper in that court.  Hayward v. Britt, 572 F.2d 1324, 1325 (9th Cir.1978).   Reading Bowles and Hayward together, the court finds that the issuance of a certificate of appealability at this time would not give the Ninth Circuit jurisdiction over Petitioner's appeal, and as such, the court has no choice but to deny the certificate of appealability.   See  Crespo v. Martel, 2009 WL 2208093, *1 (E.D.Cal. 2009).

Regardless, the court declines to issue a certificate of appealability.    If the court denies a Petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327;  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While Petitioner, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  Miller-El, 537 U.S. at

337-38.  Petitioner's motion for a certificate does not provide any specific arguments concerning Petitioner's claim.  The court finds that reasonable jurists would not disagree with the court's conclusion.

Accordingly, the court ORDERS that:

1. Petitioner's motion for a certificate of appealability is DENIED; and
2. No certificate of appealability SHALL BE ISSUED.

IT IS SO ORDERED.

**Dated:   August 18, 2009**              /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE

3